Paul J. Lawrence, WSBA #13557
Zachary J. Pekelis, WSBA #44557
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RENATA S. MOON, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE UNIVERSITY, et al.,<br><br>　　　　　　　　Defendants. | No. 24-cv-00327-RLP<br><br>DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>NOTE ON MOTION CALENDAR: AUGUST 12, 2025<br><br>WITHOUT ORAL ARGUMENT |

DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. FACTS ................................................................................................................ 1

III. ARGUMENT ..................................................................................................... 4

    A. Legal Standard ......................................................................................... 4

    B. Moon's Federal Claims Should Be Dismissed in Part as Time-Barred ................................................................................................... 5

        1. The three-year statute of limitations runs from when Moon learned of alleged adverse actions ........................................... 5

        2. Moon's federal claims based on her "removal from teaching" and so-called "remedial activities" are untimely .... 7

    C. The State Law Claim Should Be Dismissed in Part as Time-Barred ..... 10

    D. Raising the Statute of Limitations Now Does Not Prejudice Moon ...... 11

IV. CONCLUSION ................................................................................................ 12

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - i
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF AUTHORITIES

**Federal Cases**

*Abramson v. Univ. of Haw.*,
  594 F.2d 202 (9th Cir.1979) ........................................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 5

*Chardon v. Fernandez*,
  454 U.S. 6 (1981) .......................................................................................... 7

*Cline v. Brusett*,
  661 F.2d 108 (9th Cir. 1981) ......................................................................... 6

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ....................................................................... 5

*Daniels–Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ......................................................................... 5

*Delaware State College v. Ricks*,
  449 U.S. 250 (1980) ................................................................................... 7, 9

*Dohrman v. Dep't of Soc. & Health Servs.*,
  No. 2:24-CV-00359-RLP, 2025 WL 1461274 (E.D. Wash. May 21, 2025) ........ 8

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ....................................................................... 5

*Garcia v. Salvation Army*,
  918 F.3d 997 (9th Cir. 2019) ....................................................................... 11

*Hoesterey v. City of Cathedral City*,
  945 F.2d 317 (9th Cir. 1991) ......................................................................... 6

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980) ......................................................................... 8

*Joshua v. Newell*,
  871 F.2d 884 (9th Cir. 1989) .................................................................... 6, 10

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - ii
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*London v. Coopers & Lybrand*,
    644 F.2d 811 (9th Cir. 1981) ...................................................................................... 6

*Lukovsky v. City & Cnty. of S.F.*,
    535 F.3d 1044 (9th Cir. 2008) .................................................................................... 6

*Magana v. N. Mariana Islands*,
    107 F.3d 1436 (9th Cir. 1997) .................................................................................. 11

*Morris v. Gov't Dev. Bank of P.R.*,
    27 F.3d 746 (1st Cir. 1994) ........................................................................................ 9

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .................................................................................... 11

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1060 (9th Cir. 2008) ............................................................................. 5, 10

*RK Ventures, Inc. v. City of Seattle*,
    307 F.3d 1045 (9th Cir. 2002) ..................................................................... 6, 7, 8, 9

*Srigley v. Monterey Peninsula Yacht Club, Inc.*,
    748 F. Supp. 3d 801 (N.D. Cal. 2024) ...................................................................... 11

*Stephens v. UW Med. Hosps. & Clinics*,
    No. C24-1707-JCC, 2025 WL 860542 (W.D. Wash. Mar. 19, 2025) ..................... 10

*Westover v. Washington*,
    No. 3:24-CV-05872-TMC, 2025 WL 1384068 (W.D. Wash. May 13, 2025) ........ 12

*Whyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) .................................................................................... 12

**State Constitution & Statutes**

Wash. Const., art I, § 5 .................................................................................................... 10

Wash. Const., art I, § 7 .................................................................................................... 10

Wash. Rev. Code § 4.16.080(2) .................................................................................. 6, 10

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - iii
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................4, 5

Federal Rule of Civil Procedure 12(c) ......................................................................4

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - iv
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

While Plaintiff Renata Moon's lawsuit centers on the non-renewal of her appointment with Washington State University (WSU), her Complaint separately alleges that WSU violated her constitutional rights years earlier in responding to complaints from Moon's students. In particular, she claims that, in the spring of 2021, her supervisor transferred Moon's students to other instructors and required her to complete what she characterizes as "remedial activities" as "punishment" for her protected classroom speech. Fatal to this aspect of her suit, however, is that this alleged retaliation occurred—and Moon became aware of it—well over three years before she filed this suit in September 2024, and her claims are all subject to a three-year statute of limitations. Defendants therefore request that the Court enter partial judgment on the pleadings in their favor and dismiss those aspects of Moon's claims that are time-barred.

## II. FACTS

Defendants incorporate by reference the statement of facts set forth in the motion to dismiss, ECF No. 14 at 10–13, and recount only the background and subsequent procedural history relevant to this Motion.

Moon was employed at WSU's Elson S. Floyd College of Medicine (the Medical School) as a fixed-term, non-tenure-track clinical associate professor. ECF No. 1 ¶ 67; ECF No. 1-3 at 132–33. Her Complaint alleges that, in March 2021, students in one of her courses complained about her instruction, including concerns about Moon's professionalism, comments they perceived as biased, and discounting scientific evidence on the efficacy of COVID-19 vaccines. ECF No. 1 ¶¶ 105, 114.

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 1
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

As a result, Moon claims that, on March 23, 2021, her supervisor, Defendant Jeff Haney, "removed [her] from teaching" and transferred Moon's students to other instructors pending an investigation into the complaints. *Id.* ¶¶ 145–47, 156. She also claims Haney required her to complete what she calls "remedial activities," *id.* ¶ 156, which were a set of tasks Moon agreed to participate in as part of a faculty development plan, ECF No. 1-3 at 105–06. She received the list of "faculty development tasks" on May 14, 2021. *Id.* at 105.

Following the student complaints, WSU renewed Moon's contract for both the 2021–22 and 2022–23 academic years, and she returned to teaching in the fall of 2021. ECF No. 1-3 ¶ 43; ECF No. 1 ¶¶ 166, 191. In December 2022, she traveled to Washington, D.C., to participate in a roundtable sponsored by U.S. Senator Ron Johnson concerning COVID-19 vaccine efficacy. *Id.* ¶ 209. On June 29, 2023, Moon received a letter from Defendants Haney and James Record (the Dean of the Medical School) stating that her contract would not be renewed for the next academic year. *Id.* ¶ 249; ECF No. 1-3 at 267.

Moon filed her Complaint on September 24, 2024. ECF No. 1. In it, she alleges three so-called "adverse employment actions" she claims violated her constitutional rights: First, she alleges that she was, in March 2021, "abruptly remov[ed] . . . from teaching for exercising her right of academic freedom in the classroom." *Id.* ¶ 273; *see also id.* ¶ 156. Second, Moon alleges that the "remediation activities" she was "requir[ed]" to complete in May 2021 were similarly "retaliatory and discriminatory." *Id.* ¶¶ 273, 275, 277. Third, she alleges that her contract was

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 2
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

not renewed in June 2023 "because of views she expressed on matters of public concern" during the event in Washington, D.C. *Id.* ¶ 273.

Moon asserts nine causes of action under various First and Fourteenth Amendment theories, the unconstitutional conditions doctrine, and the Washington Constitution. *Id.* ¶¶ 280–383. While she generally alleges all three "adverse employment actions" violated her rights, *id.* ¶ 273, the Complaint does not specify which claims Moon asserts as to each specific retaliatory act. Instead it uses vague and all-encompassing language to refer to the conduct underlying each cause of action. *See, e.g.*, *id.* ¶¶ 282, 303, 352, 366 (alleging that Defendants violated Moon's Free Speech and Equal Protection rights by "*punishing*" her "for expressing views on race relations, gender disparities, and vaccine safety and effectiveness") (emphasis added); *id.* ¶¶ 327, 347 ("By taking *adverse actions* against Dr. Moon, Defendants have punished her for engaging in expression the First Amendment protects.") (emphasis added); *id.* ¶ 339 (referring generally to "retaliatory and unconstitutional *actions* taken against Dr. Moon") (emphasis added); *id.* ¶ 360 (referring to "*discipline*[]" based on Moon's exercise of "academic freedom in the classroom") (emphasis added).

On December 9, 2024, Defendants WSU, Haney, and Record filed their Answer, ECF No. 15, and the remaining Defendants filed a motion to dismiss, ECF

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 3
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

No. 14.[1] The Court granted the motion in part and denied it in part, dismissing all claims against Defendants Kirk Schulz, Darryl DeWald, and Radha Nandagopal; dismissing all official capacity claims against Defendants Dawn Cooper, Lisa Burch-Windrem, and Ken Roberts; and dismissing Moon's Washington constitutional claim (Count 9) against all moving Defendants. ECF No. 24 at 23–24. Defendants Cooper, Burch-Windrem, Roberts, John Tomkowiak, and Gail Chermak—who, along with WSU, Haney, and Record, were not dismissed from the case—filed an Answer to the Complaint. ECF No. 25.

After a status conference, ECF No. 29, the Court entered a scheduling order setting various deadlines, including a trial date of June 1, 2026, and a deadline to amend the pleadings of November 3, 2025. ECF No. 30. The parties exchanged initial disclosures on May 22, 2025, *id.* at 3, but no other discovery has occurred as of this Motion.

### III.    ARGUMENT

#### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6)

---

[1] Defendants Kirk Schulz, Daryll DeWald, John Tomkowiak, Dawn Cooper, Lisa Burch-Windrem, Radha Nandagopal, Gail Chermak, and Ken Roberts joined the motion to dismiss. ECF No. 14 at 12–13.

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 4
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

motion, and the same legal standard applies. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive a motion for judgment on the pleadings, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court need not "accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Either a "lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory" is sufficient to warrant dismissal. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted). A district court may deny leave to amend and dismiss with prejudice where amendment would be "futile," as when the claims "are barred by the statute of limitations." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### B. Moon's Federal Claims Should Be Dismissed in Part as Time-Barred

#### 1. The three-year statute of limitations runs from when Moon learned of alleged adverse actions

Courts look to state law to determine the statute of limitations period applicable to § 1983 claims, but rely on federal law to determine the point at which

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 5
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

the limitations period begins to run. *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 318–19 (9th Cir. 1991). In Washington, the length of the statute of limitations period for a § 1983 claim is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (citing Wash. Rev. Code § 4.16.080(2)). Under federal law, determining when the limitations period commences turns on notice: "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis for his action." *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981).

For claims alleging unconstitutional acts by state officials, the accrual analysis turns on "when the operative decision was made" and the plaintiff was notified, "not when the decision [was] carried out." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1059 (9th Cir. 2002) (holding that statute of limitations on plaintiffs' discrimination and void-for-vagueness claims accrued when plaintiff received notice of allegedly discriminatory nuisance abatement action). Thus, in employment cases, the operative question is when the plaintiff became "aware[] of the adverse employment action," *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1050 (9th Cir. 2008), not when "the natural effects of the allegedly discriminatory act" occurred, *London v. Coopers & Lybrand*, 644 F.2d 811, 816 (9th Cir. 1981), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)); *see also Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir.1979) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.").

In *Delaware State College v. Ricks*, the trustees of a college told the plaintiff, a professor, that he was being denied tenure, but offered him a "terminal" contract

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 6
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

to teach one additional year. 449 U.S. 250, 253 (1980). The professor sued, claiming that his denial of tenure was discriminatory. *Id*. at 254. The Supreme Court held that his claim accrued when the tenure decision was made and communicated to him, not when "the *effects* of the denial of tenure"—namely, his termination—occurred. *Id.* at 258. Similarly, in *Chardon v. Fernandez*, the Supreme Court held that the statute of limitations commenced when plaintiffs were given notice of non-tenure, resulting in their termination, not on the date their employment ended. 454 U.S. 6, 8 (1981). Applying *Ricks* and *Chardon*, the Ninth Circuit held in *RK Ventures, Inc.* that the plaintiffs' claims challenging a city's abatement actions on discrimination and vagueness grounds accrued when the city notified the plaintiffs of its decision to institute the abatement action, not when the abatement hearing occurred. 307 F.3d at 1058–59.

### 2. Moon's federal claims based on her "removal from teaching" and so-called "remedial activities" are untimely

Moon alleges two purportedly "adverse employment actions" prior to the non-renewal of her contract that she claims violated her constitutional rights: (1) the transfer of her students to other instructors following complaints about her teaching; and (2) the so-called "remediation activities" she undertook as part of her faculty development plan.[2] ECF No. 1 ¶ 273. Her claims based on those acts accrued,

---

[2] Moon's claims challenging the non-renewal of her contract accrued on June 29, 2023, when she received notice of the nonrenewal decision, and are therefore timely. ECF No. 1 ¶ 249.

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 7
2:24-cv-00327-RLP
PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

however, at the latest, in March and May 2021, respectively, when Moon learned of the "operative decision[s]" to take adverse actions that she claims violated her rights. *RK Ventures, Inc.*, 307 F.3d at 1059. Moon did not file her Complaint until September 24, 2024—four to six months after the statute of limitations period expired. *See* ECF No. 1. Accordingly, Moon's claims based on her alleged "remov[al] from teaching," *id.* ¶¶ 105, 273, or the purported "remedial activities," *id.* ¶¶ 156–57, 273, are time-barred.

The accrual dates that apply to Moon's claims are apparent from the Complaint's allegations and exhibits. *See Dohrman v. Dep't of Soc. & Health Servs.*, No. 2:24-CV-00359-RLP, 2025 WL 1461274, at *2 (E.D. Wash. May 21, 2025) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)) ("A statute of limitations defense is permissibly asserted in a motion to dismiss if the running of the statute is apparent on the face of the complaint or in documents outside of the pleadings that the Court is willing to consider."). The exhibits contain a letter from Moon to Haney dated March 24, 2021, confirming that, in a Zoom meeting "[t]oday," Moon learned that her "teaching [was] put 'on hold'" pending investigation of complaints from students who reported not "feel[ing] safe" from her instruction. ECF No. 1-3 at 100. Moon's claims based on her alleged "remov[al] from teaching," ECF No. 1 ¶ 105, 273, therefore accrued on March 24, 2021, when Moon learned that her teaching was "put on hold." In another letter to Haney, Moon wrote, "I'm writing in response to your email letter dated May 14, 2021[,] that lists faculty development tasks for me to complete so that I can again return to my medical student teaching duties here at [the Medical School]." ECF No. 1-3 at 105.

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 8
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Her claims based on the so-called "remedial activities," ECF No. 1 ¶¶ 157, 273, therefore accrued no later than May 14, 2021, when Haney sent her the list of "faculty development tasks" to complete.[3]

It makes no difference for purposes of the accrual analysis when Moon returned to teaching or that the purported "remediation activities" "continued for many months," as Moon alleges. *Id.* ¶ 273. Any development activities she undertook were not "separately unconstitutional act[s]" but "simply the effect[s]" of the earlier decision to implement Moon's faculty development plan. *RK Ventures, Inc.*, 307 F.3d at 1058; *Ricks*, 449 U.S. at 258 ("The emphasis is not upon the effects of earlier employment decisions," but "whether any present *violation* exists.") (emphasis in original) (citation omitted). Similarly, the period in which Moon no longer taught her former students is inseparable from the initial decision to transfer them to other instructors. *See Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 749 (1st Cir. 1994) (statute of limitations began when plaintiff was notified of allegedly

---

[3] The Complaint itself indicates a slightly *earlier* accrual date for both sets of claims: Moon alleges that on March 23, 2021, Haney "removed [her] from teaching" and instructed her to complete "remedial activities" before having further "contact with students." ECF No. 1 ¶ 156. On that account, her claims accrued on March 23, 2021, when she learned she would be removed from teaching and required to complete remedial activities. Whether the accrual dates are derived from this allegation or the letters attached to the Complaint, her claims based on the transfer of her students and the development activities are untimely.

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 9
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

discriminatory suspension, not later when notified of "the continuance of his suspension").

Because Moon's claims accrued by March 24 and May 14, 2021, respectively, the applicable statute of limitations periods expired on March 24 and May 14, 2024, at the latest. *Joshua*, 871 F.2d at 886. Accordingly, this Court should dismiss Moon's claims as time-barred to the extent they are based on her alleged "remov[al] from teaching" or the "remedial activities." *See generally* ECF No. 1 ¶¶ 105–188. Because the causes of action in the Complaint are not broken out by underlying conduct, the Court should dismiss all her § 1983 claims (Counts 1 through 8) to the extent predicated on such acts. Dismissal should be with prejudice because no amendment could overcome the time-bar. *Platt Elec. Supply, Inc.*, 522 F.3d at 1060.

### C. The State Law Claim Should Be Dismissed in Part as Time-Barred

Moon's claim under Article I, Section 5 of the Washington Constitution (Count 9) is similarly time-barred and should be dismissed to the extent based on acts Moon learned of in the spring of 2021. The same three-year statute of limitations period applies to any action for "injury to the person or rights of another" not specifically listed elsewhere in statute. Wash. Rev. Code § 4.16.080(2). This catch-all provision applies to claims challenging allegedly unconstitutional employment action under the Washington Constitution. *See Stephens v. UW Med. Hosps. & Clinics*, No. C24-1707-JCC, 2025 WL 860542, at *2 n.3 (W.D. Wash. Mar. 19, 2025) (claim that plaintiff's termination violated her right to privacy under Article I, Section 7 of the Washington Constitution was "subject to the statute of limitations under [Wash. Rev. Code] 4.16.080(2)"). Accordingly, for the reasons stated above,

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 10
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Moon's state constitutional claim is untimely to the same extent as her federal claims.

### D. Raising the Statute of Limitations Now Does Not Prejudice Moon

The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Magana v. N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997)). "A defendant may thus raise an affirmative defense for the first time in a motion for judgment on the pleadings, but only if the delay does not prejudice the plaintiff." *Id.* (cleaned up). A party opposing the assertion of an unpled defense "must point to a tangible way in which it was prejudiced by the delay." *Garcia v. Salvation Army*, 918 F.3d 997, 1009 (9th Cir. 2019) (cleaned up) (holding that plaintiff was not prejudiced by defendant's assertion for the first time on summary judgment of an unpled, dispositive affirmative defense).

At this early stage of litigation, raising a statute of limitations defense in this Motion does not prejudice Moon. The parties have not begun discovery beyond exchanging initial disclosures, and the deadline to move to amend the pleadings is still four and a half months away. *See* ECF No. 30 at 5. "There is no prejudice to a plaintiff where an 'affirmative defense would have been dispositive' if asserted 'when the action was filed.'" *Garcia*, 918 F.3d at 1008 (quoting *Owens*, 244 F.3d at 713); *see also Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 805 n.1 (N.D. Cal. 2024) ("The mere fact that MPYC's affirmative defense might be dispositive as to some or all of Srigley's claims is not indicative of prejudice.") (citing *Owens*, 244 F.3d at 715).

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 11
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Recently, the U.S. District Court for the Western District of Washington applied *Owens* and *Garcia* to hold that a former state employee plaintiff was not prejudiced by the late assertion of a statute of limitations defense where the "defense would have been just as 'effective at the outset of [plaintiff's] suit.'" *Westover v. Washington*, No. 3:24-CV-05872-TMC, 2025 WL 1384068, at *5 (W.D. Wash. May 13, 2025) (quoting *Whyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)). Similarly—and especially so given the timing—Moon cannot show prejudice because the statute of limitations would have been dispositive from the time she filed this action.

## IV.    CONCLUSION

Moon's claims challenging decisions she became aware of in the spring of 2021 are untimely by at least four months. The Court should grant this Motion and dismiss Moon's claims with prejudice to the extent they seek to impose liability based on her alleged removal from teaching or participation in "remedial activities."

DATED this 23rd day of June, 2025.

> PACIFICA LAW GROUP LLP
>
> By: */s/ Zachary J. Pekelis*
>    Paul J. Lawrence, WSBA #13557
>    Zachary J. Pekelis, WSBA #44557
>    Meha Goyal, WSBA #56058
>    Luther Reed-Caulkins, WSBA #62513
> Special Assistant Attorneys General
> *Attorneys for Defendants*

DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 12
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2025, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all parties who are registered with the CM/ECF system.

Dated this 23rd day of June, 2025.

_____
Dawn M. Taylor

DEFENDANTS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 13
2:24-cv-00327-RLP

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750