FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENATA S. MOON, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE UNIVERSITY, a Washington State Agency; KIRK SCHULZ, President of Washington State University, in his official and individual capacities; DARYLL DEWALD, Chancellor of Washington State University, Spokane, in his official and individual capacities; JOHN TOMKOWIAK, former and founding Dean of Washington State University Elon S. Floyd, a Washington State Agency; JAMES RECORD, Dean of Washington State University Elon S. Floyd College of Medicine, in his official and individual capacities; DAWN COOPER, Dean for Accreditation, Assessment and Evaluation, in her official and individual capacities; RADHA NANDAGOPAL, Associate Dean for Faculty Affairs and | No. 2:24-cv-00327-RLP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 1

Continuing Professional Development, in her official and individual capacities; GAIL CHERMAK, Association Dean of Faculty and Affairs, in her individual capacity; LISA BURCH-WINDREM, Assistant Dean for Student Affairs, in her official and individual capacity; JEFF HANEY, Chair of Department of Medical Education and Clinical Sciences, in his official and individual capacities; KEN ROBERTS, Department Chair of Translational Medicine & Physiology and former Interim Associate Dean for Clinical Education, Department Chair of Translational Medicine & Physiology and Interim Associate Dean for Clinical Education, in his official and individual capacity,

Defendants.

BEFORE THE COURT is Defendants' Motion for Partial Judgment on the Pleadings. ECF No. 31. Plaintiff is represented by Karen Osborne. Defendants are represented by Paul Lawrence, Zachary Pekelis, and Meha Goyal. The matter was submitted to the Court without oral argument.

Defendants move for judgment on the pleadings regarding those causes of action which are barred by the statute of limitations. Dr. Moon agrees that her removal from teaching and imposition of a remediation plan took place outside the limitations period. Dr. Moon contends she provided information regarding those events only as background to her other timely claims. Because the events at issue

took place outside the limitations period, Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 31, is granted.

## BACKGROUND

Dr. Moon was a professor at the Washington State University Elon S. Floyd College of Medicine. In March 2021, Dr. Moon's supervisor met with Dr. Moon to discuss student mistreatment allegations made by some of her students. According to Dr. Moon, at that meeting she was removed from teaching and instructed to have no further contact with any medical students pending an investigation.

As a result of the allegations, in May 2021 a plan of remediation was developed which included training and other activities to be completed by Dr. Moon. The Complaint alleges Dr. Moon was also required to attend trainings on her own time, and that she was required to attend faculty development sessions that were politically charged and biased.

Dr. Moon returned to teaching in fall of 2021. Her contract was renewed on June 30, 2022, and she taught during the 2022-23 academic school year.

The Complaint also alleges other facts not relevant to this motion.

In September 2024, Dr. Moon filed a Complaint alleging eight causes of action under 42 U.S.C. § 1983, including violations of her First Amendment right to free speech and Fourteenth Amendment right to due process and equal protection. An additional cause of action is alleged for violation of the Washington

State Constitution. Dr. Moon seeks declaratory and injunctive relief, damages, and attorney fees. ECF No. 1.

The lawsuit named as defendants Washington State University and ten individuals including the university president, chancellor, former medical school dean, interim medical school dean, and other deans and department chairs. Previously, eight of the individual defendants moved to dismiss the complaint for failure to state a claim. The Court granted the motion in part and denied in part. All claims against defendants Kirk Schulz, Darryl Dewald, and Radha Nandagopal were dismissed. Claims 2, 3, 5, 6, and 7 against defendant Dawn Cooper, Lisa Burtch-Windrem, and Ken Roberts in their official capacities were dismissed. Claim 9 was dismissed as to all moving defendants.

Defendants now move for partial judgment on the pleadings for claims barred by the statute of limitations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but before trial. Fed. R. Civ. P. 12(c). A motion under Rule 12(c) tests the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc*. 637 F.3d 1047, 1063 n.4 (9th Cir. 2011). The analysis is "substantially identical" to that of a motion to dismiss under Rule

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 4

12(b)(6): a court must determine whether, crediting the factual allegations as true, the moving party is entitled to judgment as a matter of law. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The principal difference between the two motions is the timing of the filing. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Under both standards, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, the complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id*. at 679. If a court determines the complaint does not meet the standard set forth under Rule 2(c), a court may grant a motion with leave to amend, but it need not do so if amendment would be futile. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

## ANALYSIS

Defendants contend the claims based on Dr. Moon's removal from teaching and remediation plan in spring of 2021 are barred by the statute of limitations. In Washington, the statute of limitations for a § 1983 claim is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (citing RCW 4.16.080(2)). The statute of limitations for a § 1983 claim begins to run when the cause of action accrues, which is when the plaintiff knows or has reason to know of the injury that is the

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 5

basis of the action. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The action accrues "when the operative decision was made, not when the decision [was] carried out." *Id.* at 1059. In employment cases, the issue is when the plaintiff became aware of the adverse employment action, not when the effects of allegedly discriminatory action occurred. *Id.*; *see Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

Defendants observe the Complaint alleges that Dr. Moon's claims regarding her removal from teaching and a remediation plan are based on actions which occurred at the latest in March and May 2021, respectively, when Dr. Moon learned of the "operative decision[s]" regarding the adverse actions she claims violated her rights. *RK Ventures, Inc.*, 307 F.3d at 1059. Dr. Moon filed her Complaint on September 24, 2024, four to six months after the statute of limitations expired. Therefore, Dr. Moon's claims based on her removal from teaching and the remediation plan are time-barred.

Dr. Moon does not contest that claims based on these events are time-barred, but asserts they were only included the Complaint as background evidence to support her other claims. Regardless, the Court concludes that any claims based on Dr. Moon's removal from teaching in March 2021 and the remediation plan made in May 2021 are barred by the statute of limitations and should be dismissed. The

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 6

Court makes no finding regarding the relevance of those alleged events as to Dr. Moon's other claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Judgment on the Pleadings, **ECF No. 31**, is **GRANTED**.

2. Claims 1-8 (alleging violations of 42 U.S.C. § 1983) and Claim 9 (alleging violations of Article I, Section 5 of the Washington State Constitution) are **DISMISSED WITH PREJUDICE** to the extent they seek to impose liability on Defendants for allegedly removing Plaintiff from teaching or requiring her to complete remediation activities.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED September 3, 2025.

_____
Rebecca L. Pennell
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS ~ 7