Marshall W. Casey, WSBA 42552          HONORABLE REBECCA L PENNELL

M Casey Law, PLLC
827 W 1ST Ave Ste 301
Spokane, WA 99201
Tel: (509) 362-2995
marshall@mcaseylawfirm.com

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENATA S. MOON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, et al.,<br><br>Defendants. | Cause No. 2:24-cv-00327-RLP<br><br>MOTION FOR PROTECTIVE ORDER<br><br>Oral Argument Hearing:<br><br>March 18, 2026 at 9:00am via video conference |

## **TABLE OF CONTENTS**

I.    MOTION/ INTRODUCTION ................................................................... 2

II.   RELEVANT FACTS ............................................................................. 4

III.  ANALYSIS ........................................................................................... 5

  A.  The Defendants Seek Further Violation of Dr. Moon's First Amendment . 6

  B.  Dr. Moon Has a Legitimate Fear of Retaliation by the Defendants Due to Her Speech Disclosures- This Triggers Heightened Protections ...................... 8

  C.  Defendants Seek to Discriminate Against Dr. Moon's Religious Beliefs and Practices as a Reason for Its Oppressive Discovery ................................... 9

IV.   CONCLUSION ................................................................................... 11

MOTION FOR PROTECTIVE ORDER                    M Casey Law
                                               827 W 1ST Ave Ste 301
                                               Spokane, WA 99201
Page 1                                         (509) 362-2995

## I. __MOTION/ INTRODUCTION__

Defendants seek to use this Court and its discovery process to intrude upon Dr. Moon's rights to free speech, religious exercise, and association. Through their interrogatories, Defendants attempt to compel disclosures that implicate core First Amendment protections. Dr. Moon therefore requests that this Court enter a protective order pursuant to Rule 26(c) to prevent these oppressive invasions.

Specifically, Defendants seek discovery into Dr. Moon's vaccine status and her private communications concerning vaccinations, COVID-19, gender identity, LGBTQ+ issues, diversity, equity, and race or ethnicity. [1] According to Defendants' recent motion to compel, the stated purpose of this discovery is to locate materials that could portray Dr. Moon as a conspiracy theorist, or to argue that her religious beliefs and practices justified her termination. ECF 50 p. 8–10 nn. 2, 3. Alternatively, Defendants seek to justify her termination based on their disagreement with the content of her speech. ECF 50 p. 10–11.

---

[1] Defendants' motion to compel has backed off those requests, but they have not totally abandoned them. The Defendants changed their minds on the COVID vaccine communication requests and may change their mind on the others. Dr. Moon needs protection from the Defendants' overreach and intimidation.

MOTION FOR PROTECTIVE ORDER

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

These requests are nothing more than an attempt to use the discovery process to further invade Dr. Moon's First Amendment rights. Compelling Dr. Moon to disclose private communications would force her to make private conversations public, expose her associations, reveal her bodily integrity choices regarding medical decisions, and potentially disclose her private religious views. First Amendment rights occupy the highest constitutional order. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010). Compelled disclosure of materials protected by the First Amendment has a "profound chilling effect" on the exercise of those rights. *Id.*

At least one of the individual Defendants, along with WSU, reported Dr. Moon to the Medical Commission to punish her for her speech. ECF 1-3 p. 274. This constituted an attempt to retaliate against Dr. Moon for her speech by invoking the sovereign power of Washington, rather than acting solely in Defendants' role as her employer. Dr. Moon has a legitimate concern that the requested information will not only be used to attack her religious views and defame her as a "conspiracy theorist," but will also be used to again retaliate against her for her protected speech. She therefore seeks this Court's protection from such attempted annoyance, embarrassment, and oppression.

MOTION FOR PROTECTIVE ORDER

Page 3

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

## II. <u>RELEVANT FACTS</u>

Defendants initiated employment disciplinary charges against Dr. Moon based on her speech at the December 7, 2022 congressional roundtable. ECF 1-3 p. 244. On June 29, 2023, Defendants refused to renew Dr. Moon's teaching contract, despite having previously renewed it without issue. ECF 1-3 p. 267. At the time of that decision, Defendants did not possess any of the private communications, Facebook posts, or other materials they now seek in discovery to justify their actions.

On July 10, 2023, Defendant Haney, purporting to act on behalf of Defendant WSU, reported Dr. Moon to the Washington Medical Commission for her December 7, 2022 speech. ECF 1-3 p. 274. The Washington Medical Commission exercises the sovereign disciplinary power of the State of Washington, not authority derived from employment contracts. See RCW 18.71.002.

Defendants have propounded Interrogatories 8, 11, and 13, as well as Requests for Production 7, 8, 9, and 10, seeking information about Dr. Moon's private conversations concerning politically sensitive topics and her vaccination status. None of this information formed any part of the basis for Defendants' decision to terminate Dr. Moon. Instead, Defendants now contend that these private communications could portray Dr. Moon as supporting "debunked

MOTION FOR PROTECTIVE ORDER

Page 4

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

conspiracies," challenge the content of her speech as false, or impugn her motivations based on alleged religious objections to vaccination. ECF 50 p. 8–12.

## III.    <u>ANALYSIS</u>

A protective order may be entered upon a showing of "good cause" to protect a party from "annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c). The moving party bears the burden of making a particularized showing of the specific harm that would result from disclosure. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Dr. Moon establishes good cause on three independent grounds warranting protection from Defendants' discovery requests: (A) the requests seek to infringe Dr. Moon's rights under the First Amendment and the Washington Constitution; (B) Dr. Moon has a legitimate fear that Defendants will again attempt to invoke sovereign state power to punish her for exercising her First Amendment rights; and (C) Defendants now seek to use Dr. Moon's religious beliefs as a basis for further punishment. Taken together, these circumstances amount to oppression in its most severe form and require this Court's intervention to protect Dr. Moon.

MOTION FOR PROTECTIVE ORDER

Page 5

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

## A. The Defendants Seek Further Violation of Dr. Moon's First Amendment

The Ninth Circuit has recognized that "compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). This protection extends to political activities and affiliations. *Id.* (citing *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003); *Buckley v. Valeo*, 424 U.S. 1, 64, 96 S. Ct. 612, 656, 46 L. Ed. 2d 659, 713 (1976)). Beyond its chilling effect, compelled disclosure also constitutes compelled speech, because it forces speech from a private forum into a public one. Such compulsion violates the First Amendment by forcing private speech into the public arena where the speaker did not choose to speak. *See 303 Creative LLC v. Elenis*, 600 U.S. 570, 588, 143 S. Ct. 2298, 2313, 216 L. Ed. 2d 1131, 1145 (2023) (the government cannot compel a person to speak in a particular way or in a particular forum).

Washington's Constitution provides an independent source of protection through its privacy provisions. Under article I, section 7, disclosure that violates the right to privacy is subject to protection upon a showing that "there is some probability disclosure would impinge" on a constitutional right, triggering a CR 26(c) balancing test. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 443, 138 P.3d 1053, 1066 (2006). The requesting party must then demonstrate that the

MOTION FOR PROTECTIVE ORDER

Page 6

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

information sought goes to the heart of the case or is crucial to its resolution; "[m]ere speculation that information might be useful will not suffice." *Id.* Only if that burden is met does the court balance the competing claims of need and constitutional protection. *Id.*

Here, Defendants seek both Dr. Moon's public and private speech based solely on the content of that speech, targeting subjects that are politically polarizing. Although Dr. Moon chose to speak publicly on December 7, 2022 regarding particular topics, that choice does not render all of her communications public or subject to compelled disclosure.

Private conversations are where ideas are tested, refined, and sometimes discarded—whether with family, friends, colleagues, patients, or even ideological opponents. Defendants are explicit that they seek Dr. Moon's nonpublic communications in order to publicly shame her as a "conspiracy theorist." ECF 50 p. 10. Allowing discovery for that purpose would create a profound chilling effect on private speech and association. If private speech may be exposed whenever a person brings a First Amendment retaliation claim based on public speech, individuals will self-censor out of fear that courts will be used to invade, rather than protect, constitutional liberties.

That chilling effect would extend beyond Dr. Moon. Those who communicated with her privately never consented to public exposure and would

MOTION FOR PROTECTIVE ORDER

Page 7

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

reasonably refrain from future association if their private communications could be compelled merely because litigation exists.

By contrast, the speech at issue in this case, Dr. Moon's public statements made in forums she chose, has already been disclosed and is fully available to Defendants. Their effort to compel disclosure of private or irrelevant speech serves no legitimate purpose and amounts to nothing more than oppression and an attempt to embarrass Dr. Moon.

**B. Dr. Moon Has a Legitimate Fear of Retaliation by the Defendants Due to Her Speech Disclosures- This Triggers Heightened Protections**

A compelling state interest is required before disclosure may be ordered where the risk of retaliation and harassment is "likely." *AFL-CIO*, 333 F.3d at 176.

Here, Defendants previously reported Dr. Moon to the Medical Commission based on the same public speech at issue in this case. The Medical Commission initiated an investigation that could have resulted in discipline and was closed only because Dr. Moon's medical license had expired and she had moved out of state. ECF 1-3 p. 275–276, 278. Dr. Moon has since renewed her license, and the Commission could initiate new proceedings. Defendants could again attempt retaliation and harassment through the same means.

MOTION FOR PROTECTIVE ORDER

Page 8

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

Dr. Moon's medical license is a constitutionally protected property interest. *Nguyen v. Dep't of Health*, 144 Wn.2d 516, 523, 29 P.3d 689, 692 (2001). That interest is profound, reflecting years of education, professional practice, and reputation. *Id.* Disciplinary proceedings against a medical license are "quasi-criminal" in nature. *Id.* at 528. .[2]

Government retaliation, or even the threat of legal sanction, against an individual for protected speech violates the First Amendment. *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474, 142 S. Ct. 1253, 1259, 212 L. Ed. 2d 303, 309 (2022); *NRA of Am. v. Vullo*, 602 U.S. 175, 180, 144 S. Ct. 1316, 1322, 218 L. Ed. 2d 642, 648 (2024). Dr. Moon should not be subjected to further quasi-criminal proceedings against her medical license based on her private speech or Defendants' retaliatory efforts arising from this lawsuit. The threat is real and ongoing, violates Dr. Moon's First Amendment rights, and warrants this Court's protection.

**C. Defendants Seek to Discriminate Against Dr. Moon's Religious Beliefs and Practices as a Reason for Its Oppressive Discovery**

The First Amendment restricts the government from "punish[ing] the

---

[2] The Washington Appellate Court has rejected the Medical Commission's assertion that it can take away licenses for speech the Commission claims is "false." *Wilkinson v. Wash. Med. Comm'n'n*, 35 Wn. App. 2d 350, 389 (2025). The Commission though is seeking certification on this. https://www.courts.wa.gov/content/petitions/1046740%20Petition%20for%20Review.pdf

MOTION FOR PROTECTIVE ORDER

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

expression of religious doctrines it believes to be false" or "impos[ing] special disabilities on the basis of religious views or religious status." *Emp't Div. v. Smith*, 494 U.S. 872, 877, 110 S. Ct. 1595, 1599, 108 L. Ed. 2d 876, 884 (1990). Instead, the Constitution commits the government to religious tolerance and requires all government actors to protect the free exercise of religion. *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 584 U.S. 617, 638–39, 138 S. Ct. 1719, 1731, 201 L. Ed. 2d 35, 49 (2018). Consistent with that commitment, the First Amendment affords heightened—indeed, double—protection to speech motivated by religious belief. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523, 142 S. Ct. 2407, 2421, 213 L. Ed. 2d 755, 770 (2022). The government may not implement a policy that targets religious exercise, even when it purports to advance a secular interest over a religious one. *Bacon v. Woodward*, 104 F.4th 744, 751 (9th Cir. 2024).

In direct violation of these principles, Defendants argue that Dr. Moon's religious beliefs and practices could justify her termination. ECF 50 p. 10 n. 2. They contend that speech motivated by Dr. Moon's religious beliefs is entitled to less protection than speech grounded in "academic freedom." *Id.* In doing so, Defendants advocate punishment based on religious belief, or, at a minimum, the imposition of a special disability because of Dr. Moon's religious views. This asserted rationale underlies Defendants' effort to probe Dr. Moon's private

MOTION FOR PROTECTIVE ORDER

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

discussions and invade her privacy, reflecting religious discrimination and mockery of her beliefs.

WSU and the Special Assistant Attorneys General are government actors in this suit. The Supreme Court has made clear that such actors must pause and remember their constitutional obligation to protect, not erode, the free exercise of religion. *Masterpiece Cakeshop*, 584 U.S. at 638–39. Under Washington's Constitution, their first duty is to defend individual rights, not to attack them. *See* Wash. Const. art. I, § 1 (governments are "established to protect and maintain individual rights"). Because Defendants show no intention of honoring that mandate, this Court must provide protection against their attempts to embarrass, oppress, and annoy Dr. Moon.

## IV.    CONCLUSION

Fed. R. Civ. P. 26(c) provides a mechanism for this Court to protect Dr. Moon from annoyance, embarrassment and oppression.  The Defendants' requests have no purpose but to do those exact things to Dr. Moon, and do them through further invasion of Dr. Moon's First Amendment rights.  Dr. Moon requests protection of the Court, by forbidding this discovery into her private communications and personal medical choices.

Respectfully submitted this __16th__ day of February, 2026.

MOTION FOR PROTECTIVE ORDER

Page 11

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

M Casey Law, PLLC

__s/Marshall Casey_____
Marshall W. Casey, WSBA 42552
Attorney for Plaintiffs
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

MOTION FOR PROTECTIVE ORDER

Page 12

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on 16th day of February, 2026, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| **Defendant State Farm**<br>Paul J Lawrence<br>Zachary Pekelis<br><br>PACIFICA LAW GROUP LLP<br>401 Union St., Suite 1600<br>Seattle, WA 98101 | _____PERSONAL SERVICE<br>_____U.S. MAIL-Postage Pre-Paid<br>_____HAND DELIVERED<br>_____OVERNIGHT MAIL<br>___    EMAIL<br>__X___ ECF Filing |
|---|---|

_s/Marshall Casey_
Marshall Casey
M Casey Law, PLLC

MOTION FOR PROTECTIVE ORDER

Page 13

M Casey Law
827 W 1ST Ave Ste 301
Spokane, WA 99201
(509) 362-2995