FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 19, 2026**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENATA S. MOON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE UNIVERSITY, et al. <br><br> Defendants. | No. 2:24-cv-00327-RLP <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART AND DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendants' Motion to Compel. ECF No. 50, and Plaintiff's Motion for Protective Order, ECF No. 52. A hearing was held by videoconference on March 18, 2026. Plaintiff was represented by attorneys Marshall Casey and Karen Osborne. Defendants were represented by Zachary Pekelis and Meha Goyal.

Defendants move to compel answers to certain interrogatories and requests for production. Dr. Moon opposed the nature and scope of the requests. For reasons

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

further set forth at the hearing, the Court allows limited discovery as it relates to the basis of Dr. Moon's statements at Senator's Johnson Roundtable.

BACKGROUND

In September 2024, Dr. Moon filed a Complaint alleging eight causes of action for First and Fourteenth Amendment violations under 42 U.S.C. § 1983. The Complaint also alleged violation of the Washington State Constitution. Dr. Moon seeks declaratory and injunctive relief, damages, and attorney fees. ECF No. 1. The lawsuit named as defendants Washington State University and ten individuals. *Id.* at ¶¶ 12-46. After a Motion for Judgment on the Pleadings and Motion to Dismiss, three defendants were dismissed from the case and the Court dismissed portions of certain claims.

The remaining claims have to do with the nonrenewal of Dr. Moon's teaching contract following Dr. Moon's December 7, 2022, testimony at a Roundtable event in Washington D.C. titled, "Covid-19 Vaccines: What They Are, How They Work, and Possible Causes of Injuries." ECF No. 1 at ¶ 209. The caption of the video broadcast of the event included the descriptor, "Clinical Associate Professor, WSU College of Medicine." *Id.* at ¶¶ 211-12. During her testimony, Dr. Moon stated she was speaking as a physician and did not make any claims that she was speaking on behalf of any entity including the ESFCOM. *Id.* at ¶ 216.

Dr. Moon's testimony included statements that myocarditis in children had

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2

"gone very high" and there had "clearly been a massive increase" after the COVID vaccines had "rolled out" for children. *Id.* at ¶218. She showed the package insert of one of the COVID vaccine products which was blank. *Id.* at ¶219. She pointed out that if she did not say the COVID vaccine was safe and effective, her license was at risk, but that a blank package insert did not include the information she needed to provide to patients to give informed consent, including potential risks and benefits. *Id.* at ¶¶ 219-20. She gave this testimony as anecdotal based on her own experience and opinion and represented herself as a pediatrician speaking for the well-being of the nation's children. *Id.* at 222. She pointed out other "reputable countries" had discontinued use of COVID vaccines for minors. *Id.* at ¶ 223.

In June 2023, Dr. Moon received a non-renewal of contract letter, and her contract expired on June 30, 2023. *Id.* at ¶ 249. Dr. Moon's Complaint alleges adverse employment action in violation of her First Amendment Right to free speech.

Defendants served interrogatories and requests for production seeking all of Dr. Moon's communications and materials regarding about the COVID-19 vaccines, social media platforms used since 2020, personal account or devices used for electronic communications since 2020, vaccines in general and Plaintiff's personal vaccination history, and the nonrenewal of her faculty contract at WSU. ECF No. 50 at 6-40. Dr. Moon objected to some of these requests as irrelevant, overly broad,

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3

unduly burdensome, and not reasonably calculated to resolve the issues in the case. The parties met and conferred and reached impasse. Accordingly, WSU filed the present Motion to Compel. Dr. Moon filed a Motion for Protective Order regarding similar information.

LEGAL STANDARD

Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b). Information need not be admissible to be discoverable. *Id.* The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Under Federal Rule of Civil Procedure 37, a party may bring a motion to compel discovery if a party fails to answer an interrogatory or produce a requested document. Fed. R. Civ. P. 37(a)(3)(iii), (iv). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must specifically detail the reasons why each request is improper. *See Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 4

the Rule 26(c) test.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Although courts liberally construe the discovery provisions to encourage the free flow of information among litigants, limits do exist. For example, a court may issue a protective order and limit the scope of discovery for "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

ANALYSIS

*MOTION TO COMPEL*

Defendants seek information and documents regarding Dr. Moon's communications about various aspects of the COVID-19 vaccines, social media platforms used since 2020, personal account or devices used for electronic communications since 2020, vaccines in general and Plaintiff's personal vaccination history, and the nonrenewal of her faculty contract at WSU. Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b). Dr. Moon makes no argument that the requests are disproportional to the needs of the case, so only the relevance of the requests is at issue.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 5

Whether evidence is relevant depends on whether "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. With respect to the first inquiry, relevance for discovery purposes is construed broadly to encompass "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978).

To assess relevance, the Court looks at the claims and defenses of the parties. Dr. Moon alleges that Defendants' nonrenewal of her teaching contract was based on her speech at the Roundtable, which she asserts is protected by the First Amendment.

In the context of public employment "the State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general." *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 568, 88 S. Ct. 1731 (1968). The *Pickering* court established a test which requires a "fact-sensitive and deferential weighing of the government employer's legitimate interests against its employees' First Amendment rights." *Bd. of Cnty. Commissioners, Wabaunsee Cnty., Kansas v. Umbehr*, 518 U.S. 668, 668, 116 S. Ct. 2342 (1996).

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 6

In evaluating a retaliation claim under *Pickering*, the plaintiff must first establish a prima facie case showing: (1) she "engaged in expressive conduct that addressed a matter of public concern; (2) the government officials took an adverse action against [her]; and (3) [her] expressive conduct was a substantial or motivating factor for the adverse action." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 721 (9th Cir. 2022).

If the plaintiff meets the burden of showing these three elements, the burden shifts to the government, which can avoid liability in one of two ways. *Id.* First, the state can demonstrate that its "legitimate administrative interests in promoting efficient service-delivery and avoiding workplace disruption outweigh the plaintiff's First Amendment interests." *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1137 (9th Cir. 2025) (internal citation and quotation omitted). The extent of disruption is based on a "sliding scale" when balanced against the weight of the First Amendment interests. *See Thompson v. Cent. Valley Sch. Dist. No 365*, 163 F.4th 654, 665 (9th Cir. 2025) (citing *Moser v. Las Vegas Metro. Police Dep't*, 984 F.3d 900, 905 (9th Cir. 2021)). Second, "the government can show that it would have taken the same actions in the absence of the plaintiff's expressive conduct." *Damiano*, 140 F.4th at 1137.

Defendants contend the Requests seeking information about Dr. Moon's

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 7

statements and views on COVID-19 vaccines are relevant under the above analysis for two reasons: (1) the requests seek to discover materials probative of Dr. Moon's motivations for opposing the COVID-19 vaccines, which goes to the weight of her expressive interests; and (2) they show the degree to which Dr. Moon knew (or should have known) that her Roundtable remarks were false, which goes to whether Dr. Moon's speech is protected, the weight of her interests, and the weight of WSU's injury to its legitimate interests. ECF No. 50 at 9-11; ECF No. 52 at 6. The Court considers these reasons in turn.

*Motivation*

An employee's motivation and the audience chosen for the speech are relevant factors in the public-concern inquiry, *Gilbrook v. City of Westminster*, 177 F.3d 839, 866 (9th Cir. 1999) (citing *Johnson v. Multnomah County,* 48 F.3d 420, 425 (9th Cir.1995)). At this point in the litigation, the Court need not determine whether the topic of Dr. Moon's remarks involved a matter of public concern. However, the Court observes that the forum and topic of the Roundtable strongly suggest Dr. Moon's remarks involved a matter of public concern. Defendants appear to have a significant challenge to overcome what seems to be almost an obvious conclusion. Dr. Moon's motivations for speaking at the Roundtable are unlikely to change that analysis, and in this case, the Court concludes discovery probing those motivations is not relevant.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 8

Defendant contends that all factors, including motivation, are relevant to the Court's ultimate weighing of the parties' interests, and that discovery should be allowed to determine whether, for example, Dr. Moon had a financial interest in her position at the Roundtable. In *Johnson v. Multnomah County*, the Ninth Circuit stated that "motivation and the chosen audience are among the many factors to be considered," and when the subject matter is "only marginally related to issues of public concern," a grudge or other private interest "may lead the court to conclude the statement does not substantially involve a matter of public concern." 48 F.3d 420, 423 (9th Cir. 1995). Based on the facts of this case, which do not seem to involve statements "marginally related" to a matter of public concern, the Court concludes discovery regarding Dr. Moon's motivations would not impact the analysis and are therefore not relevant.

### *Falsity or Reckless Disregard for the Truth*

Defendants contend Dr. Moon knew or should have known that her Roundtable remarks were false, which makes discovery of information and documents about her views and knowledge relevant.

At the hearing, Defendants identified four statements made by Dr. Moon at the Roundtable which they assert are false or made with reckless disregard for the truth: (1) that there was increase in juvenile myocarditis in her practice following the vaccine; (2) that a blank vaccine insert meant there was no information available to

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 9

provide informed consent about COVID-19 vaccines to patients; (3) that young people have essentially a  zero percent chance of harm from COVID-19; and (4) that other reputable countries banned COVID-19 vaccines. Plaintiff does not object to limited discovery related to these four statements.

The Court concludes Defendants are entitled to discovery regarding the facts, research, and/or experiences Dr. Moon relied on in making the four statements at the Roundtable. In addition, Defendants may inquire as to whether certain information or research was disregarded by Dr. Moon in developing the basis for her testimony and, if so, why she disregarded such information. Any additional discovery related to Dr. Moon's general or religious beliefs regarding vaccines, her beliefs about the COVID-19 pandemic and its origins or alternative treatments, and her vaccine status is prohibited as irrelevant.

*PROTECTIVE ORDER*

Dr. Moon's request for a broad protective order is denied. However, should discovery encompass third party medical records, the parties shall prepare and file a protective order that would redact personally identifying information before disclosure to Defendants and prohibit disclosure of the medical records outside the scope of this litigation.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Compel, **ECF No. 50**, is **GRANTED in part** as set forth above.

2. Plaintiff's Motion for Protective Order, **ECF No. 52**, is **DENIED** with leave to renew.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED March 19, 2026.

Rebecca L. Pennell
United States District Judge